UNITED STATES DISTRICT COURT

| | |
|---|---|
| BRANDON C. LAMBOY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 1:24-cv-12572-IT |
| | * |
| WELLPATH LLC, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER
November 7, 2024

TALWANI, D.J.

Pending before the court is Plaintiff Brandon Lamboy's Motion to Remand ("Remand Motion") [Doc. No. 9] the present case to the Suffolk County Superior Court. For the reasons set forth herein, Plaintiff's Motion to Remand [Doc. No. 9] is DENIED.

**Discussion**

Defendant removed this action from state court asserting diversity jurisdiction. Not. of Removal [Doc. No. 1]. Diversity jurisdiction requires that the case arise between "citizens of different States" and have an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff argues that no diversity jurisdiction exists because Defendant maintains ties and business operations in Massachusetts and Plaintiff was a resident of Massachusetts at the time of the incident at issue in his Complaint. Remand Mot. at 2 [Doc. No. 9].[1]

---

[1] Plaintiff does not dispute that the amount in controversy threshold has been met and the court so finds where his complaint seeks more than $75,000 based on claims for wrongful termination and defamation. See Civ. Cov. Sheet [Doc. No. 1-4]; Compl. at 7 [Doc. No. 1-1].

1

"Once challenged, the party invoking diversity jurisdiction must prove domicile by a preponderance of the evidence." Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004)) (citation omitted).

With respect to individuals, "[f]or purposes of diversity, a person is a citizen of the state in which he is domiciled." Padilla–Mangual v. Pavía Hosp., 516 F.3d 29, 31 (1st Cir. 2008). "[D]omicile . . . can be established by demonstrating that the individual is physically present in the state and has an intent to remain indefinitely." Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004) (internal citations omitted). In diversity cases, "[d]omicile is determined at the time the suit is filed." Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010) (per curiam). Here, Plaintiff asserts in his complaint that he is a resident of Pitt County, Greenville, North Carolina. Compl. at 3-4 [Doc. No. 1-1]. He does not indicate any intention to leave North Carolina. Id. Accordingly, Plaintiff is a citizen of North Carolina, not Massachusetts.

Meanwhile, "[l]imited liability companies are unincorporated entities. The citizenship of an unincorporated entity . . . is determined by the citizenship of all of its members." Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (citing Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990)). "If the members are themselves unincorporated associations, then those members' citizenships are relevant too; the process is 'iterative,' and a party must 'trace the citizenship of any member that is an unincorporated association through however many layers of members or partners there may be.'" BRT Mgmt. LLC v. Malden Storage LLC, 68 F.4th 691, 696 (1st Cir. 2023) (quoting D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126-27 (1st Cir. 2011)). Wellpath LLC states that it is a Delaware limited liability company wholly owned by Justice Served Health Holdings, LLC, another Delaware limited liability company. Notice of Removal ¶ 9 [Doc.

No. 1]. In turn, Justice Served Health Holdings, LLC's sole member is a corporation, Wellpath Holdings, Inc. Id.

A corporation is "considered to be a citizen of its state of incorporation as well as the state where it has its principal place of business." Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1236 (1st Cir. 1991) (citing 28 U.S.C. § 1332(c)(1)). According to Wellpath LLC's Corporate Disclosure Statement [Doc. No. 4], Wellpath Holdings, Inc. is incorporated in Delaware.[2] Accordingly, for diversity jurisdiction, Wellpath LLC is a citizen of Delaware.

Where Plaintiff is domiciled in North Carolina and Defendant is a citizen of Delaware, the present case arose between "citizens of different States" for the purposes of diversity jurisdiction.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.

November 7, 2024                    /s/ Indira Talwani
                                    United States District Judge

---

[2] A corporation's principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination. . . ." Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010). Here, Plaintiff's Complaint [Doc. No. 1-1] contends that "Wellpath LLC" is headquartered in Nashville, Tennessee. Compl. at 4. From the parties' briefing, the court cannot determine whether Wellpath Holdings, Inc. has its principal place of business in Tennessee (and thus, whether it is a citizen of Tennessee as well as Delaware). Regardless, neither party contends that Wellpath Holdings, Inc., has its principal place of business in North Carolina where Plaintiff resides so the answer to this question would not alter the court's diversity jurisdiction.