UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRANDON LAMBOY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:24-cv-12572-IT |
| WELLPATH LLC, | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

September 30, 2025

TALWANI, D.J.

Defendant Wellpath LLC ("Wellpath") moves to dismiss all claims in Plaintiff Brandon Lamboy's Complaint [Doc. No. 1-1]. For the reasons set forth below, the Motion to Dismiss [Doc. No. 5] is GRANTED as to Counts I, II, and IV and DENIED as to Count III, alleging negligent training.

## I. Procedural Background

Plaintiff, proceeding *pro se*, brought this action in the Superior Court for Suffolk County on September 5, 2024. See Notice of Removal ¶ 1 [Doc. No. 1]. Plaintiff's Complaint [Doc. No. 1-1] asserts causes of action against Defendant labeled: defamation of character (Count I), wrongful termination (Count II), negligent training (Count III), and providing misleading evidence to a court of law (Court IV). Compl. Id. at 6–8.

On October 7, 2024, Defendant timely removed to this court, see Notice of Removal [Doc. No. 1], and shortly thereafter filed the pending Motion to Dismiss [Doc. No. 5] under Fed. R. Civ. P. 12(b)(6). Defendant contends that Plaintiff's defamation claim asserts conclusory allegations, his wrongful termination and negligent training claims are brought outside the statute of limitations, his wrongful termination claim is barred because he has not stated a viable

wrongful termination claim, and that "providing misleading evidence" does not state a private right of action.[1] Mem. ISO Def.'s Mot. to Dismiss 1–2, 5 [Doc. No. 6]. Plaintiff opposes the motion, arguing that his pleadings are sufficient and requesting that the court toll the statute of limitations.

## II. Standard of Review

In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). "Exhibits attached to the complaint are properly considered part of the pleading for all purposes, including Rule 12(b)(6)." Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (internal citations and quotations omitted). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] Defendant also states that Plaintiff has not properly served it with a copy of the summons and that Defendant "reserves the right to argue Plaintiff has failed to properly serve it pursuant to Fed. R. Civ. P. 12(b)(5)." Def. Mem. ISO Mot. to Dismiss 1 n.1 [Doc. No. 6]. But Defendant was not obligated to remove the action to this court until it was properly served. See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). And once Defendant removed the action, it was not required to file a responsive pleading until it was served. See Fed. R. Civ. P. 81(c). Having opted to file a motion to dismiss, any defect in service was waived. See Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d 62, 68 (1st Cir. 2003) ("a defense based on personal jurisdiction will be deemed waived if not made by a party's first-filed motion or included in her initial responsive pleading") (citing Fed. R. Civ. P. 12(h)(1)).

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In general, a complaint filed *pro se* is "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). That does not mean that *pro se* plaintiffs need not plead facts sufficient to state a claim, but it does afford them some leniency when facing a motion to dismiss. See Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980).

## III. Factual Background as Alleged in the Complaint

Plaintiff is a former employee of Wellpath. Compl. 1 [Doc. No. 1-1]. Defendant employed Plaintiff as a Residential Service Coordinator in Plymouth, Massachusetts, from February 19, 2020, to May 11, 2021. Id. at 1-2; Compl. Ex. A, 1 [Doc. No. 1-1].

In February 2020, as part of Plaintiff's orientation, Defendant held a "restraint and defensive training[.]" Compl. 2 [Doc. No. 1-1]. Wellpath held the orientation at Barrett's Alehouse and permitted alcohol consumption during the training. Id. Plaintiff alleges that, as a result of these training practices, "participants were not prepared to handle real-life situations within a prison medical setting[,]" and that Wellpath's actions "jeopardize[d] the safety of the individuals being restrained but also place[d] undue risk on the staff tasked with implementing these techniques." Id. at 3.

On May 10, 2021, a patient at the Plymouth site allegedly attacked multiple staff members. Id. at 1–2. Plaintiff alleges that he intervened to subdue the patient with the assistance of other staff members. Id. at 2. During the incident, another, "unnamed" staff member used violent force against the patient, which included "beat[ing] and chok[ing]" the patient. Id. Video surveillance footage captured the actions of the unnamed staff member. Id. at 2. On May 11, 2021, Defendant terminated Plaintiff's employment. Id. at 1–2.

Plaintiff alleges that Wellpath "made false . . . statements" about Plaintiff's conduct, leading to criminal charges. Id. ¶ 14. Plaintiff alleges further that an "original video brought to state police and the District Attorney by the defendant, Wellpath L.L.C., was misleading." Id. at 2.

On October 1, 2021, Plaintiff was indicted in Plymouth County Superior Criminal Court on charges of assault and battery, strangulation, assault and battery on a disabled person, and violation of civil rights with injury. Id. Plaintiff alleges that during the pre-trial motions for this criminal case, the District Attorney released the video provided by Wellpath, that the video "had to be altered by slowing [it] down[,]" because it was misleading at its original speed, and that the video "showed the patient attacking first and the unnamed staff member slamming and choking the patient[.]" Id.

In addition to the criminal indictment, a civil suit stemming from the same incident was filed against Plaintiff in the Superior Court for Suffolk County. Wellpath did not provide Plaintiff with representation for this trial and Plaintiff defended himself *pro se*. Id. at 3.

Plaintiff alleges that, because of the wrongful termination and criminal indictment, he has "suffered damage to his reputation, emotional distress, and financial loss[.]" Id. Plaintiff also alleges that he suffered emotional distress from having to defend himself in the civil suit. Id.[2]

[2] Plaintiff also alleges that Wellpath has been the subject of separate misconduct allegations, inquiries, investigations, and lawsuits. Compl. ¶ 5–12 [Doc. No. 1-1]. The court must accept "the truth of all well-pleaded facts" and drawing "all reasonable inferences in the plaintiff's favor" for the purposes of this motion to dismiss. Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). These allegations do not directly bear on various of Plaintiff's claims, except for, potentially, his negligent training claim. Given the court finds this claim is sufficiently plausibly pled without this additional information, the additional information has not been considered at this time.

## IV. Discussion

### A. *Defamation and Misleading Evidence*

The court considers Plaintiff's defamation claim and his claim that Defendant provided misleading evidence to a court of law together as they arise out of the same alleged events. Plaintiff alleges that Defendant made "false and defamatory statements about . . . [Plaintiff's] conduct during the incident, leading to criminal charges." Compl. ¶ 14 [Doc. No. 1-1]. These statements, Plaintiff alleges, "were made with knowledge of their falsity and with reckless disregard for the truth[,]" proximately causing Plaintiff to suffer "reputational harm and emotional distress." Id. ¶ 15. Defendant contends that Plaintiff's claim only asserts "conclusory allegations" and "merely restates the elements of the cause of action." Def. Mot. to Dismiss 3–4 [Doc. No. 5].

"To prevail on a claim of defamation, a plaintiff must establish that the defendant was at fault for the publication of a false statement regarding the plaintiff, capable of damaging the plaintiff's reputation in the community, which either caused economic loss or is actionable without proof of economic loss." White v. Blue Cross & Blue Shield of Massachusetts, Inc., 442 Mass. 64, 66 (2004). "A false statement that 'would tend to hold the plaintiff up to scorn, hatred, ridicule or contempt, in the minds of any considerable and respectable segment in the community,' would be considered defamatory." Phelan v. May Dep't Stores Co., 443 Mass. 52, 56 (2004) (quoting Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 853 (1975)). "[T]he imputation of a crime is defamatory per se, requiring no proof of special damages." Id.

Plaintiff's factual allegations do not support the claim that Defendant published a false statement. Plaintiff alleges that Defendant made "false and defamatory statements" about Plaintiff. Yet, the Complaint offers no further detail on what Defendant said or why these statements were false. Without this information, it is similarly not possible to reasonably infer

that the statements were capable of damaging Plaintiff's reputation within the community, and ultimately that Defendant is liable for defamation.

Plaintiff's Opposition to Defendant's Motion to Dismiss elaborates on Plaintiff's defamation claim and asserts that "Wellpath . . . made false statements on grand jury proceedings against the plaintiff, Brandon Lamboy." Opp. to Mot. to Dismiss 2 [Doc. No. 24]. This assertion was not included in Plaintiff's complaint. However, even if it was, the assertion still does not detail what was allegedly said to the grand jury about Plaintiff that was knowingly false.

Plaintiff separately alleges in support of both his defamation claim (Count I) and his provision of misleading evidence claim (Count IV) that Defendant "provided misleading video evidence to the state police and the District Attorney." Compl. ¶ 25 [Doc. No. 1-1]. Plaintiff alleges that "the original video falsely implicated the plaintiff . . . in criminal activity[,]" and that "as a direct and proximate result . . . plaintiff . . . was wrongfully indicted and suffered significant emotional and financial harm." Id. ¶¶ 26–27. But in his Complaint, Plaintiff alleges that Defendant provided the "original video" to the state police and District Attorney, and that the video was "misleading" only in that it needed to be "slowed down[.]" Id. at 2. That the District Attorney needed to slow the original video down supports the conclusion that the video was difficult to understand at its original speed but does not itself support an inference that Defendant used the video to falsely implicate him.

Where there is no claim that the video itself was falsified, Plaintiff's claim that Defendant made false and defamatory statement on the ground that the original video was "misleading" fails. Plaintiff's claim that Defendant submitted misleading evidence likewise also fails. It is not possible from these allegations for the "court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (internal citation omitted).

For these reasons, Count I and Count IV of Plaintiff's Complaint is dismissed.

B. *Wrongful Termination*

Count II of Plaintiff's complaint alleges wrongful termination. Defendant argues that this claim should be dismissed because it was filed outside of the statute of limitations and because he has not stated a viable wrongful termination claim. The court finds that Plaintiff has failed to state a viable wrongful termination and accordingly needs not address the statute of limitations as to this claim.

Plaintiff does not assert any statutory cause of action, such as a violation of an anti-discrimination law such as M.G.L. c. 151B §4(1), for his wrongful termination claim. The court therefore considers whether he has stated a common-law cause of action for wrongful termination in violation of public policy. "The baseline common law rule in Massachusetts is that an employer may lawfully terminate a relationship with an at-will employee at any time—for any reason, for no reason, and even for a reason that might be seen by some as unwise or unkind." Murray v. Warren Pumps, LLC, 821 F.3d 77, 89 (1st Cir. 2016). "As an exception to the general rule that an employer may terminate an at-will employee at any time with or without cause, [the Massachusetts Supreme Judicial Court has] recognized that an at-will employee has a cause of action for wrongful termination only if the termination violates a clearly established public policy." Barbuto v. Advantage Sales & Mktg., LLC, 477 Mass. 456, 471 (2017) (quoting King v. Driscoll, 418 Mass. 576, 582 (1994)).

"More specifically, the public policy exception to at-will employment has been recognized 'for asserting a legally guaranteed right (e.g., filing a worker's compensation claim),

for doing what the law requires (e.g., serving on a jury), or for refusing to do that which the law forbids (e.g., committing perjury).'" Meehan v. Med. Info. Tech., Inc., 488 Mass. 730, 733 (Mass. 2021) (citing Smith-Pfeffer v. Superintendent of the Walter E. Fernald State Sch., 404 Mass. 145, 149-150 (1989)) (emphasis original to Meehan).

Plaintiff does not allege that the termination violated a clearly established public policy. With regards to his termination, Plaintiff asserts that he "acted properly" when he subdued the patient during the incident and that his actions were "within the scope of his practice." Compl. 2, ¶ 17 [Doc. No. 1-1]. Accepting these assertions as true for purposes of the motion to dismiss, Plaintiff still has not alleged that he was fired for asserting a legally guaranteed right, doing what the law requires, or refusing to do what the law forbids.

Accordingly, Plaintiff's wrongful termination claim is dismissed.

### C. *Negligent Training*

#### 1. Overview

Count III alleges that Defendant was negligent in its employee training. Plaintiff asserts that Defendant "failed to provide adequate restraint and defensive training to its employees, permitting alcohol consumption during training sessions." Compl. ¶ 21 [Doc. No. 1-1]. Further, he alleges that "despite multiple requests for retraining . . . defendant . . . neglected to provide proper/any training." Id. ¶ 22. The result of this inadequate training was that "plaintiff . . . and other staff members were unprepared to handle incidents appropriately, leading to the wrongful termination and criminal indictment of the plaintiff[.]" Id. ¶ 23. Defendant's only defense to this claim in the motion to dismiss is that the claim is time barred. See Def. Mem. ISO Mot. to Dismiss 7 [Doc. No. 6].

The Massachusetts statute of limitations for tort actions, including negligence, is three years. M.G.L. c. 260, § 2A ("Except as otherwise provided, actions of tort . . . shall be

commenced only within three years next after the cause of action accrues."). To determine whether the statute of limitations has run, it is necessary to identify when a plaintiff's cause of action accrues and the limitations period begins. Lanier v. President & Fellows of Harvard Coll., 490 Mass. 37, 55 (2022). "[T]he limitations period begins to run, 'when the plaintiff discovers or with reasonable diligence should have discovered that (1) he has suffered harm; (2) his harm was caused by the conduct of another; and (3) the defendant is the person who caused that harm.'" Id. (citing Harrington v. Costello, 467 Mass. 720, 727 (2014)).

On May 10, 2021, when the incident occurred, or May 11, 2021, when he was fired, Plaintiff discovered that he suffered a harm, which was allegedly caused by the conduct of another: Defendant's negligent training of Plaintiff. And Defendant, as the provider of the negligent training, was the person who allegedly caused the harm. Because the statute of limitations would have begun to run at that point, it would then have expired three later, on May 10 or 11, 2024. Plaintiff does not dispute the fact that his filing took place after the statute of limitations expired and instead requests tolling of the claim from this court. Pl.'s Opp'n to Mot. to Dismiss 1 [Doc. No. 24].

"Equitable tolling is to be used sparingly, and the circumstances where tolling is available are exceedingly limited." Halstrom v. Dube, 481 Mass. 480, 485 (2019) (internal quotation and citations excluded). The Supreme Judicial Court of Massachusetts has previously made equitable tolling available "in circumstances in which the plaintiff is excusably ignorant about the . . . filing period . . . or where the defendant . . . has affirmatively misled the plaintiff." Andrews v. Arkwright Mut. Ins. Co., 423 Mass. 1021, 1021 (1996) (internal citations omitted).[3]

---

[3] The Supreme Court has endorsed a similar approach under federal law. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (tolling may be appropriate where "a

Plaintiff contends that equitable tolling is merited in this case because Defendant "actively refused" to provide Plaintiff with legal representation in his civil suit in the Superior Court for Suffolk County. Pl. Sur-Reply 1 [Doc. No. 26]. Plaintiff contends that, as a result, he was "forced" to proceed in that case as a *pro se* litigant. Compl. 3 [Doc. No. 1-1]. Defendant's failure to provide him with legal counsel, Plaintiff alleges, resulted in his delay filing this suit against Defendant.

Defendant's refusal to provide Plaintiff with legal representation does not provide sufficient support for tolling the statute of limitations. As noted, equitable tolling may be available in instances where a defendant has misled a plaintiff, resulting in the plaintiff failing to file suit within the statute of limitations. However, there is no indication here that Defendant misled Plaintiff. Indeed, correspondence between Plaintiff and Wellpath's counsel on November 17, 2023—which was well within the statute of limitations period—clearly shows that Wellpath did not agree to represent Plaintiff in his other civil proceeding. Ex. B to Compl. at 1 [Doc. No. 1-1].

Review of the prior civil case docket referenced by Plaintiff, however, compels this court to find tolling appropriate, as discussed below.

2. The Prior Litigation

The court takes judicial notice of these proceedings and summarizes the events in the prior litigation, which involved both parties and the same May 10, 2024 incident.

---

claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she had done everything required of her[;] [] or where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.") (internal citations omitted).

On August 24, 2023, Richard Cornell filed suit in Superior Court for Suffolk County against Wellpath, several of its current or former employees, including Lamboy, and the Department of Corrections of the Commonwealth of Massachusetts for injuries he allegedly suffered during the May 10, 2024 incident. Compl., Cornell, Richard J vs. Lamboy, Brandon et al., 2384CV01922 (Mass. Dist. Ct., Aug. 24, 2023) [Doc. No. 1] [hereinafter Cornell State Proceeding].

On October 17, 2023, without the consent of other served Defendants as required by 28 U.S.C. § 1446(b)(2)(A), Wellpath purported to remove the action to federal court by filing a Notice of Removal. Cornell v. Lamboy, et al., 1:23-cv-12405-NMG (D. Mass, Oct. 17, 2023) [Doc. No. 1] [hereinafter Cornell Federal Proceeding]. Wellpath failed, however, to file a copy of the notice of removal with the state court, as necessary to effect the removal. See 28 U.S.C. § 1446(d). See also Mem. & Order, Cornell Federal Proceeding, 1:23-cv-12405-NMG [Doc. No. 24].

In the federal court, plaintiff Cornell and defendant Department of Corrections of the Commonwealth of Massachusetts both moved to remand the case. Mot. to Remand, Cornell Federal Proceeding, 1:23-cv-12405-NMG [Doc. No. 6]; Mot. to Remand, Cornell Federal Proceeding, 1:23-cv-12405-NMG [Doc. No. 9]. On November 22, 2023, before the motions to remand were addressed, Lamboy filed a Complaint against Wellpath alleging negligent training. Compl. Against Wellpath, Cornell Federal Proceeding, 1:23-cv-12405-NMG [Doc. No. 14]. Wellpath, in turn, filed a Motion to Strike Lamboy's Complaint, Cornell Federal Proceeding, 1:23-cv-12405-NMG [Doc. No. 20].[4] The federal court took no action on Wellpath's motion,

---

[4] Wellpath contended that the complaint "is improper and immaterial to the instant complaint . . . [because] Mr. Lamboy is seemingly seeking to file his own action against

addressing instead the pending motions to remand, which the court granted, finding Wellpath's removal improper where it had not sought the consent of defendant Massachusetts Department of Correction prior to removing the case. Mem. & Order, Cornell Federal Proceeding, 1:23-cv-12405-NMG [Doc. No. 24].

The federal court remanded the entire case, including Lamboy's Complaint, to state court. See Order of Remand at 1, Cornell Federal Proceeding, 1:23-cv-12405-NMG [Doc. No. 25]. The state court docket for March 12, 2024, notes "Documents received from U.S. District Court with a certified Order of Remand. The defendant never filed a Notice of Removal in Suffolk Superior Court. The Case did not remove[] to U.S. District Court." Docket Note, Cornell State Proceeding, 2384CV01922 (Mar. 12, 2024). All of the pleadings from the federal court proceeding were nonetheless docketed, including Wellpath's Motion to Strike Lamboy's Complaint, and the Complaint itself, although the Complaint was mislabeled on the docket as "General correspondence regarding Complaint for Negligence filed by Brandon Lamboy." General Correspondence, Cornell State Proceeding, 2384CV01922 [Doc. No. 15].

Lamboy appears not to have understood that the entire matter was no longer in federal court, or even that Wellpath had never properly removed it to federal court. On April 11, 2024,

---

Wellpath[.]" Id. And that the complaint "is not properly filed, nor is it responsive to the pending action[.]" Id. at 2. Wellpath did not assert that Lamboy failed to state a claim or that his complaint was untimely. Except that the pleading was labeled a complaint rather than a cross-claim, the court fails to see any reason that the pleading was not a permissible pleading under Fed. R. Civ. P. 13(g), which states that "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action[.] . . . The cross claim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." Where Cornell was asserting claims against Lamboy based on actions he allegedly took while employed by Wellpath, Lamboy's claim that Wellpath failed to properly train him as it related to that same incident appears to be a textbook cross-claim.

six weeks after the federal court's Order of Remand, he filed on the federal docket a Motion of Cross-Claim against Wellpath for negligent training. Cornell Federal Proceeding, 1:23-cv-12405-NMG [Doc. No. 27]. The federal court denied the motion as moot, and the clerk sent a copy of the Order of Remand and docket sheet to Lamboy. See Order Denying as Moot, Cornell Federal Proceeding, 1:23-cv-12405-NMG [Doc. No. 28].

A few days later, Defendant Lamboy refiled the Motion of Cross-Claim against Defendant Wellpath in Superior Court. Cornell State Proceeding, 2384CV01922 [Doc. No. 26]. The Superior Court denied this Motion without prejudice for failure to comply with Superior Court Rule 9A.[5] Endorsement on Submission of Mot. of Cross-Claim (#26.0), Cornell State Proceeding, 2384CV01922. One month later, on May 13, 2024, Defendant Lamboy filed another Motion of Cross-Claim against Defendant Wellpath. Cornell State Proceeding, 2384CV01922 [Doc. No. 28]. On May 16, 2024, the court similarly denied this claim for "failure to demonstrate service on all defendants, including Wellpath." Endorsement on Mot. to Cross-Claim (#28.0), Cornell State Proceeding, 2384CV01922. On July 5, 2024, Lamboy again filed a Motion of Cross-Claim. Cornell State Proceeding, 2384CV01922 [Doc. No. 35]. As with the others, this pleading again asserted a negligent training claim. Id. Wellpath filed an opposition to this motion, arguing that Lamboy failed to comply with Rule 9a. Opp'n to Mot. for Cross-Claim, Cornell State Proceeding, 2384CV01922 [Doc. No. 39]. This motion was not addressed.

Instead, on July 24, 2024, the court entered an Order of Dismissal as the case was "reported settled by counsel of record." Cornell State Proceeding, 2384CV01922 [Doc. No. 43].

---

[5] Under Superior Court Rule 9A, a moving party must serve a motion and supporting memorandum on an opposing party and file a "Rule 9A Package," which includes both the original Motion Papers and the Opposition. See Mass. Sup. Ct. R. 9A.

On July 29, 2024, Plaintiff submitted a Notice of Voluntary Dismissal dismissing his claims against Lamboy. Cornell State Proceeding, 2384CV01922 [Doc. No. 44].

After the dismissal, Lamboy continued to attempt to litigate his claim against Wellpath. On July 30, 2024, he filed a Motion for Summary Judgment on his cross-claim against Wellpath, which Wellpath moved to strike. Cornell State Proceeding, 2384CV01922 [Doc. No. 45]; Mot. to Strike, Cornell State Proceeding, 2384CV01922 [Doc. No. 46]. The court granted this Motion to Strike on August 7, 2024, noting that the "case against Mr. Lamboy has been dismissed." Endorsement on Mot. to Strike (#46.0), Cornell State Proceeding, 2384CV01922. Throughout the month of August, Lamboy filed additional motions for reconsideration as well as cross-claims against Wellpath. These motions were ultimately unsuccessful.

On September 4, 2024, Lamboy filed the present action in Superior Court for Suffolk County, which Defendant Wellpath removed to federal court. Notice of Removal [Doc. No. 1].

3. Discussion

Although Plaintiff initiated this action more than three years after the May 10, 2021 incident, he first filed his negligent training claim on November 22, 2023, well within the three year statute of limitations. And since November 2023, Plaintiff has consistently pressed that negligent training claim.

Many, if not all, of Plaintiff's attempts in state court to file his cross-claim alleging negligent training following remand from federal court were procedurally deficient. But where no court appears to have ruled on Wellpath's motion to strike Plaintiff's November 22, 2023 complaint in the Cornell Federal Proceeding, and where Plaintiff filed this case shortly after the first state court proceeding concluded, equity supports tolling here.

First, as detailed above, Plaintiff has been more than diligent in seeking to bring this claim. Wellpath, perhaps recognizing that a *pro se* litigant will have a difficult time navigating

the legal process, pushed its advantage at every step: filing an improper removal petition, filing what appears to this court to be a meritless motion to strike Plaintiff's timely (but mislabeled) cross-complaint, making no mention in the state court of Plaintiff's complaint, even though its pending motion to strike that complaint had not been ruled on, and neglecting to mention this prior litigation at all when it asserted here that Plaintiff's claim was time barred.

In certain instances where a plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the statutory period," equitable tolling may be appropriate. Halstrom v. Dube, 481 Mass. 480, 485 (2019) (citing Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990)); see also Kwoka v. Enter. Rent-A-Car Co. of Bos., LLC, 141 F.4th 10, 26 (1st Cir. 2025) (explaining that in each case cited in Irwin, the claimant had stated a valid claim in a timely manner and had filed it in the wrong venue or filed a class action that failed for reasons relating to whether a valid class had been pleaded). Plaintiff here timely sought to litigate his claims against Wellpath in the Cornell Federal Proceeding, where Wellpath asserted that he was in the wrong forum. And no court ruled on the merits of his claim (or the appropriateness of his November 2023 filing), prior to Cornell's voluntary dismissal of Lamboy from the case. Equitable tolling is to be used sparingly. The court finds that this unique procedural background merits equitable tolling of the statute of limitations as to Plaintiff's negligent training claim.

In addition, Mass. G.L. c. 260, § 32 supports a finding that Plaintiff's complaint here is timely. That statute provides, in relevant part, that "[i]f an action duly commenced within the time limited in this chapter is dismissed . . . for any matter of form, . . . the plaintiff . . . may commence a new action for the same cause within one year after the dismissal or other determination of the original action[.]" Plaintiff filed his November 2023 complaint within the original three-year statute of limitations following Wellpath's improper removal of the Cornell

complaint to federal court. Wellpath's December 4, 2023 motion to strike the timely complaint sought dismissal only as a matter of form. Plaintiff's filing of this action in state court, within one year of Wellpath's December 4, 2023 motion (which was never addressed), and within months of the termination of Cornell's litigation, falls under this statutory protection.

**V. Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 5] is GRANTED except as to Count 3 for negligent training. Defendant shall file its answer within two weeks of this order. See Fed. R. Civ. P. 12 (a)(4).

IT IS SO ORDERED.

September 30, 2025

/s/ Indira Talwani
United States District Judge