UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRANDON LAMBOY, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:24cv12572 |
| | ) |
| v. | ) (Removed from Suffolk County Superior |
| | ) Court Case No. 2484-CV-02363) |
| | ) |
| WELLPATH LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Wellpath LLC ("Wellpath") hereby respectfully answers the remaining portions of the Complaint filed by Plaintiff Brandon Lamboy ("Plaintiff") and responds with Affirmative Defenses as follows:

### INTRODUCTION

Defendant specifically denies it engaged in any of the wrongdoing described in Plaintiff's Introduction to his Complaint. Defendant further denies that Plaintiff is entitled to any damages. Defendant responds below to the specific factual allegations enumerated in the Complaint.

### PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 and leaves Plaintiff to his proof.

2. Admitted that Defendant is a foreign corporation and that a Massachusetts Substance Abuse Center (MASAC) is located at 1 Bumps Pond Rd, Plymouth, MA 02360. The remainder of the allegations in Paragraph 2 are denied.

## JURISDICTION AND VENUE

3. Admitted that this Court has jurisdiction.

4. Defendant admits that venue in this district is proper but denies the remaining allegations.

## Wellpath L.L.C.

5. Denied. To the extent that Senator Warren wrote a letter, the letter speaks for itself.

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of a "separate incident" as alleged in Paragraph 6, and therefore, denies the same.

7. Defendant admits that its former CEO was indicted on various charges, and the record speaks for itself.

8. Denied.

9. Defendant admits that the contract ended but otherwise denies the allegations of Paragraph 9.

10. Defendant admits that it has been a party to various lawsuits and has been the subject of certain FBI investigations. Defendant denies the remaining allegations of Paragraph 10.

11. Denied.

12. Denied.

## CAUSES OF ACTION

### COUNT I: DEFAMATION

13 - 15. No response is required to Paragraphs 13 – 15 as Plaintiff's defamation claim was dismissed.

### COUNT II: WRONGFUL TERMINATION

16 - 19.  No response is required to Paragraphs 16 – 19 as Plaintiff's wrongful

termination claim was dismissed.

## COUNT III: NEGLIGENT TRAINING

13. Defendant hereby incorporates its responses to Paragraphs 1-12 as though fully set forth herein.

14. Denied.

15. Denied.

16. Defendant hereby incorporates its responses to Paragraphs 1-15 as though fully set forth herein.

17. Denied.

18. Denied.

19. Denied.

20. Defendant hereby incorporates its responses to Paragraphs 1-19 as though fully set forth herein.

21. Denied.

22. Denied.

23. Denied.

## COUNT IV: PROVIDING MISLEADING EVIDENCE

24. No response is required to Paragraphs 24 - 27 as Plaintiff's providing misleading evidence claim was dismissed.

## AFFIRMATIVE DEFENSES

Subject to and without waiving any prior objection, answers, or defenses, and without accepting the burden of proof on the matters, Wellpath states the following affirmative and other defenses:

**FIRST AFFIRMATIVE DEFENSE**

To the extent Plaintiff has failed to state a claim against Wellpath, his Complaint is barred and should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiff's claims are outside the applicable statutes of limitations or other timeliness requirements, Plaintiff's claims are barred.

**THIRD AFFIRMATIVE DEFENSE**

To the extent Plaintiff has failed to mitigate his damages, his recovery of damages is barred, or alternatively, must be reduced.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Wellpath is found to be negligent, Plaintiff's own negligence contributed to his injury.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff failed to take advantage of preventative or corrective opportunities provided by Wellpath, including applicable complaint procedures, and/or failed to otherwise avoid harm.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for equitable relief are barred pursuant to the doctrine of "unclean hands" and the doctrine of estoppel.

**RESERVATION OF RIGHTS**

Wellpath reserves the right to modify and supplement its defenses and to plead additional defenses to Complainant's claims based upon such facts and circumstances as become known to it after the date hereof.

WHEREFORE, having fully answered the Complaint, Wellpath respectfully requests that the Complaint be dismissed with prejudice, that it be awarded its costs, including attorneys' fees, in the amount and manner permitted by applicable law, along with such other and further relief as the Court may deem just and proper.

Respectfully submitted this 14th day of October 2025.

DEFENDANT, WELLPATH LLC

By   /s/ Michael C. Harrington
    Michael C. Harrington (BBO # 656144)
    FordHarrison LLP
    CityPlace II
    185 Asylum Street, Suite 820
    Hartford, CT 06103
    Tel #:  860-740-135
    Fax #:  860-578-2075
    Email:  mharrington@fordharrison.com

**CERTIFICATE OF SERVICE**

   This is to certify that on October 14th, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Brandon Lamboy
11 Merry Lane #C
Greenville, NC 27858
Lamboy714@gmail.com


        /s/ Michael C. Harrington
        Michael C. Harrington